UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**03-61199**

Civil Action No.

COMMODITY FUTURES TRADING COMMISSION,

Plaintiff

v.

GIOVANNI FLEURY and
GIOVANNI FLEURY INVESTMENTS, INC.,

Defendants.

CIV-MARRA

MAGISTRATE JUDGE
SELTZER

## COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF AND FOR CIVIL PENALTIES UNDER THE COMMODITY EXCHANGE ACT

### I. SUMMARY

1.  From at least December 21, 2000, and continuing to the present, defendants Giovanni Fleury ("Fleury") and Giovanni Fleury Investments, Inc. ("GFI") (collectively, the "Defendants"), solicited and accepted funds from retail investors to engage in speculative trading of foreign currency futures contracts in violation of the Commodity Exchange Act's prohibitions against fraud and the offer and sale of illegal off-exchange foreign currency futures contracts.

2.  By falsely representing to potential customers that, *inter alia*, Defendants had developed a trading system that generated substantial profits and minimized risks, and by failing to disclose that Defendants had lost a substantial amount of the funds invested by customers, Defendants induced retail investors to invest nearly $2 million.

3.  Because the transactions offered by Defendants are not conducted on or subject to the rules of a board of trade designated or registered by the Commodity Futures Trading

1



Commission ("Commission") as a contract market or derivatives transaction execution facility for such commodity, or executed or consummated by or through a contract market, Defendants have violated Section 4(a) of the Commodity Exchange Act ("Act"), as amended by the Commodity Futures Modernization Act of 2000 ("CFMA"), 7 U.S.C. § 6(a) (2000).

4. Furthermore, Defendants have violated Section 4b(a)(2) of the Act, 7 U.S.C. § 6b(a)(2) and Commission Regulations 1.1(b)(1), (2), and (3), 17 C.F.R. §1.1(b)(1), (2), and (3) (2002), by making material misrepresentations and omissions, including misrepresenting the likelihood of profits, failing to disclose the risks associated with trading foreign currency futures contracts, and failing to disclose the losses of prior customers. In addition, Defendant Fleury, as the controlling person of GFI, is liable for GFI's violations of Section 4b(a)(2) of the Act pursuant to Section 13(b) of the Act, 7 U.S.C. § 13c(b), and Commission Regulations 1.1(b)(1), (2), and (3), 17 C.F.R. § 1.1(b)(1), (2), and (3). GFI is liable for the acts and omissions of its agent, Fleury, by operation of Section 2(a)(1)(B) of the Act, 7 U.S.C. § 4 (2001).

5. Accordingly, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, the Commission brings this action to enjoin Defendants' unlawful acts and practices, to bar them from engaging in any commodity-related activity, and to compel their compliance with the Act and the Commission's Regulations. In addition, the Commission seeks civil monetary penalties, remedial ancillary relief including, but not limited to, an accounting, restitution, disgorgement, pre-judgment and post-judgment interest, and such other relief as this Court may deem necessary or appropriate. Unless restrained and enjoined by this Court, Defendants are likely to continue to engage in the acts and practices alleged in this Complaint or in similar acts and practices, as more fully described below.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action and all parties hereto pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder. Section 2(c)(2)(B)(i) and (ii) of the Act, 7 U.S.C. § 2, grants the Commission jurisdiction over certain transactions in foreign currency that are contracts for the sale of a commodity for future delivery, including the transactions alleged in this Complaint.

7. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. §13a- 1(e), in that the Defendants transact business in this district, and the acts and practices in violation of the Act occurred, are occurring or are about to occur within this district, among other places.

## III. THE PARTIES

8. **Plaintiff Commodity Futures Trading Commission** is the independent federal regulatory agency charged with the administration and enforcement of the Act, 7 U.S.C. §§ 1 *et seq.* and the Regulations promulgated thereunder, 17 C.F.R. §§ 1 *et seq.*

9. **Defendant Giovanni Fleury ("Fleury")** is an individual residing in the State of Florida. Fleury transacts business in the Southern District of Florida, including, but not limited to, maintaining an office and depositing and maintaining investor funds in bank accounts in Florida. Fleury has never been registered in any capacity with the Commission.

10. **Defendant Giovanni Fleury Investments, Inc. ("GFI"),** was incorporated in Florida on October 16, 2002 by Fleury, who is its sole owner and president. GFI's address is

1580 Sawgrass Corporate Parkway, Suite 130, Sunrise, Florida 33323. GFI was previously registered as a New York corporation on or about February 7, 2000. GFI currently transacts business in the Southern District of Florida. GFI has never been registered in any capacity with the Commission.

## IV.    FACTS

### A.    Offer and Sale of Illegal Foreign Currency Futures

11.     Section 2(c)(2)(B)(i) and (ii) of the Act provides that the Commission shall have jurisdiction over an agreement, contract or transaction in foreign currency that is a sale of a commodity for future delivery, so long as the contract is "offered to, or entered into with, a person that is not an eligible contract participant" unless the counterparty, or the person offering to be the counterparty, is a regulated entity, as enumerated in the CFMA.

12.     Section 1a(12)(A)(xi) of the Act, 7 U.S.C. § 1, defines an eligible contract participant as an individual who has total assets in excess of: a) $10 million; or b) $5 million and who enters the transaction to manage the risk associated with an asset owned or a liability incurred, or reasonably likely to be owned or incurred. Some, if not all, of Defendants' customers and prospective customers were not eligible contract participants and neither of the Defendants were regulated entities as enumerated in the CFMA.

13.     From December 21, 2000 to the present ("the relevant time period"), the Defendants offered to the retail public, and entered into with the retail public, foreign currency futures contracts that were entered into for the purpose of speculation on price changes.

14.     Defendants purport to offer contracts in "cash" and "spot" foreign currency to retail investors, which in reality are illegal off-exchange futures contracts. The foreign currency contracts that Defendants offer and sell are futures contracts because they have the

4

characteristics indicative of a futures contract. For instance, the price to enter into these contracts is set at the outset of the contract and the contracts can be held open indefinitely. Moreover, the Defendants specifically state on their website that the foreign currency contracts are not for delivery, and the contracts are closed solely by cash offset.

**B.     Fraudulent Solicitations**

15.     During the relevant time period, the Defendants solicited, through the Internet website *www.gfleury.com*, members of the general public to open foreign exchange futures trading accounts. During this time frame, the Defendants have induced over 40 customers to invest nearly $2 million.

16.     The Defendants represented on the website to customers and prospective customers that Fleury had developed a trading system called "Giovanni Fleury Reversal Point & Time System and Strategy" that maximized profits and minimized risks. The Defendants made the following statements on the website:

(a)     "This system helped to determine market direction over 70% of the time. This is a big help in making good trading decisions."

(b)     "This system helps to make the right trading decision over 70% of the time."

(c)     "[The system] minimizes and almost eliminates the risks of one: being in the wrong direction and two being caught in the middle of a move, even if one is right in the overall direction."

(d)     "Returns of at least 25% per week or even per trade can be achieved using this system and strategy."

5

(e) "What if you could find a way to remove most of the guesswork from trading? And what if you could figure out exactly when and where to get into a buy or sell position at least 70%-80% of the time? Would it not be to your advantage if it helped you to make money?"

(f) "We target a minimum of 10% return per month. This is not our maximum target."

(g) "Over time the markets have become predictable, we can look at historical data to see the date and time that something has happened; by studying that information it can help us predict with great accuracy what is going to happen and at what time."

(h) "The RPT system and strategy helps to give an indication of exactly when and where to buy or sell any commodity, currency or stock in order to make a profit."

17. During the time these statements were posted on the GFI website, Fleury, who directed all trading for GFI, suffered trading losses in excess of 80%.

18. The Defendants also made material misrepresentations on the website regarding the commissions charged to the customers. In a chart on the website entitled "Conservative" the Defendants demonstrate how, purportedly, a customer with a $5,000 account and a $1,000 margin position, trading over a one month period, ends the month with an equity balance of $9,000. This is achieved, according to the Defendants, by "rebating" 50% of the commissions charged to the customer.

19. The Defendants, however, fail to disclose that the chart does not subtract from the equity balance the $8,000 in commissions Defendants charge the customer for that month,

which, if included in the chart, would show an actual net equity balance of $1,000, not $9,000. The chart fraudulently induces the customer to believe that, even without making profits trading, the "rebates" will result in an additional $4,000 a month in equity in the customer's account. In fact, however, once the Defendants charge $4,000 in commissions from the customer's $5,000 account, the customer is left with only $1,000 in equity.

## C.   Customer Losses

20.   GFI customers execute a Customer Agreement that includes a Managed Account Power of Attorney section that authorizes GFI with "full power to buy, sell, give orders, and enter into contracts for the purchase and/ or sale of foreign currency in this account with [GFI]."

21.   After customers execute the Customer Agreement, the Defendants instruct customers to send their funds to a GFI bank account in Florida.

22.   From the time period October 2000 to October 2001, the Defendants placed retail customer funds into foreign currency futures trading accounts in GFI's name at Forex Capital Markets ("FXCM"). In trading approximately $3 million in customer funds in the FXCM account over the life of the account, the Defendants lost over $1.6 million.

23.   From March 22, 2002 to May 3, 2002, the Defendants had an account under GFI's name at Global Futures and Forex Trading ("GFT"). The Defendants placed $5,508 in customer funds into foreign currency trading account in GFI's name. The Defendants proceeded to lose $3,263 in a span of approximately 5 weeks.

24.   From May 22, 2002 to the present, the Defendants deposited approximately $350,931 in customer funds at a new account in GFI's name at FXCM. To date, Defendants have lost $271,842 of these customer funds as a result of their trading.

25. In sum, the Defendants' trading records show that from April 2000 to the present they had consistent losses, totaling approximately $2,332,551.38 of the approximately $2,910,700.48 in customer funds deposited into these trading accounts, reflecting a loss rate of approximately 80.14 percent. The Defendants continue until the present time to maintain their website with its misleading statements despite suffering significant trading losses.

## V. VIOLATIONS OF THE COMMODITY EXCHANGE ACT AND COMMISSION REGULATIONS

### COUNT I

### *VIOLATIONS OF SECTION 4b(a)(2) OF THE ACT and REGULATION 1.1: FRAUD BY MISREPRESENTATION AND OMISSION*

26. Paragraphs 1 through 26 are re-alleged and incorporated herein.

27. Beginning in at least December 21, 2000, Defendants engaged in the conduct described in paragraphs 1-26 above in or in connection with orders to make, or the making of, contracts of sale of commodities for future delivery, made, or to be made, for or on behalf of other persons where such contracts for future delivery were or may be used for (a) hedging any transaction in interstate commerce in such commodity, or the products or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped or received in interstate commerce for the fulfillment thereof.

28. By the conduct described in Paragraphs 1 – 26 above, Defendants cheated or defrauded or attempted to cheat or defraud the public and willfully deceived or attempted to cheat or defraud investors or the public by, among other things, materially misrepresenting to prospective or actual investors the likelihood of profiting by becoming a GFI customer,

minimizing the inherent risk of loss associate with trading futures, and failing to disclose the substantial losses that Fleury/GFI actually incurred while representing that enormous profits could be achieved. Defendants therefore violated Sections 4b(a)(2) of the Act, 7 U.S.C. §§ 6b(a)(2) (2001).

29. By the conduct alleged in Paragraphs 1 - 26 above, Defendants directly or indirectly, in or in connection with any account, agreement, contract or transaction in foreign currency futures, cheated or defrauded or attempted to cheat or defraud, willfully made or caused to be made false reports or records or caused to be entered any false record, or willfully deceived, persons who are not eligible contract participants pursuant to Section 1a(12) of the Act, 7 U.S.C. §1a(12) (2001). Defendants therefore violated Commission Regulation 1.1, 17 C.F.R. §1.1 (2002).

30. Each material misrepresentation or omission, and each willful deception made during the relevant time period, including but not limited to those specifically alleged herein, is alleged as a separate and distinct violation of Section 4b(a)(2) of the Act and Regulation 1.1.

31. GFI is liable for the foregoing acts and omissions of its agent, Fleury, by operation of Section 2(a)(1)(B) of the Act, 7 U.S.C. § 4 (2001).

32. Fleury is liable under Section 13(b) of the Act, 7 U.S.C. § 13c(b) (2001), for the foregoing acts and omissions of GFI. Fleury actually exercised control or possessed the authority to exercise control of GFI, and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting the violations of the Act and Regulations.

## COUNT II

### *VIOLATION OF SECTION 4(a) OF THE ACT: OFFERING AND SALE OF ILLEGAL FOREIGN CURRENCY CONTRACTS*

33.     Paragraphs 1 through 26 are re-alleged and incorporated herein.

34.     The commodity contracts offered and entered into by Defendants are contracts for the sale and purchase of foreign currencies for future delivery, commonly known as futures contracts.

35.     The foreign currencies that are the subject of the futures contracts offered and entered into by Defendants are commodities as defined by Section 1a(4) of the Act, 7 U.S.C. §1a(4).

36.     During the relevant period, the Defendants offered to enter into, entered into, executed, confirmed the execution of and conducted an office or business in the United States for the purposes of soliciting or accepting orders for, or otherwise dealing in, transactions in, or in connection with, contracts for the purchase or sale of a commodity for future delivery with non-eligible contract participants.

37.     Such transactions have not been conducted on or subject to the rules of a board of trade, which has been designated by the Commission as a contract market or derivatives transaction execution facility for such commodity. Such transactions have not been executed or consummated by or through a member of such contract market. Therefore, the Defendants have violated and are violating Section 4(a) of the Act, 7 U.S.C. § 6(a) (2001) ("Section 4(a)").

38.     Each offer to enter into, entrance into, and execution, confirmation, solicitation or acceptance of an order for, a contract for the purchase or sale of a commodity for future delivery made during the relevant time period is alleged as a separate and distinct violation of Section 4(a) of the Act.

39.      GFI is liable for the foregoing acts and omissions of its agent, Fleury, by operation of Section 2(a)(1)(B) of the Act, 7 U.S.C. § 4.

10

40. Fleury is liable under Section 13(b) of the Act, 7 U.S.C. § 13c(b), for the foregoing acts and omissions of GFI. Fleury actually exercised control or possessed the authority to exercise control of GFI, and did not act in good faith or knowingly induced, directly or indirectly, the acts constituting these violations.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court, as authorized by Section 6c of the Act, 7 U.S.C. § 13a-1, and pursuant to its own equitable powers, enter:

1. orders of preliminary and permanent injunction prohibiting defendants GFI and Fleury, and any other person or entity associated with them, including any successor thereof, from engaging in conduct violative of Section 4(a) of the Act, 7 U.S.C. § 6(a), and defendants GFI and Fleury, and any other person or entity associated with them, including any successor thereof, from engaging in conduct violative of Section 4b(a) of the Act, 7 U.S.C. § 6b(a) and Commission Regulation 1.1, 17 C.F.R. § 1.1;

2. an order directing Defendants and any successors thereof, to disgorge, pursuant to such procedure as the Court may order, all benefits received from the acts or practices which constituted violations of the Act, as described herein, and interest thereon from the date of such violations;

3. an order directing Defendants to make full restitution to every investor whose funds were received by them as a result of acts and practices which constituted violations of the Act, as described herein, and interest thereon from the date of such violations;

11

4. an order directing Defendants to pay a civil monetary penalty in the amount of not more than the higher of $120,000 for each violation, or triple the monetary gain to Defendants for each violation of the Act;

5. an order requiring Defendants to pay costs and fees as permitted by 28 U.S.C. §§ 1920 and 2412(a)(2); and

6. such other and further remedial ancillary relief as the Court may deem appropriate.

Respectfully submitted,

*Wendy Z. Woods*

Peter Haas, Senior Trial Attorney
    Florida Bar No. A5500182
Wendy Z. Woods, Senior Trial Attorney
    Florida Bar No. A5500706
Ghassan Hitti, Trial Attorney
    Florida Bar No. A5500707
Division of Enforcement
Commodity Futures Trading Commission
Three Lafayette Centre, 1155 21st Street, N.W.
Washington, D.C. 20581
(202) 418-5402 telephone
(202) 418-5538 facsimile

Date: June 18, 2003

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS** 03-61199

Commodity Futures Trading Commission

**CIV-MARRA** MAGISTRATE JUDGE SELTZER

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ~~Broward~~
(EXCEPT IN U.S. PLAINTIFF CASES)

County where action arose, Broward

**DEFENDANTS**

Giovanni Henry
Giovanni Henry Investments, Inc.

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Ghassan Hitti
Commodity Futures Trading Commission
Division of Enforcement
1155 21st St., N.W.
Washington, DC 20581

**ATTORNEYS (IF KNOWN)**

---

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

0:03CV 61199-Marra Seltzer

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

7 U.S.C. §§ 1 et seq., §6c, §6b, §6a §13a
Commodity Exchange Act; illegal off-exchange futures contracts; fraud

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☒ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | Appeal to District |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 6-20-03
SIGNATURE OF ATTORNEY OF RECORD: Wendy B. Woods

UNITED STATES DISTRICT COURT Copy

Category in which case belongs:

_____ A. Anti-Trust Cases

_____ B. Malpractice Cases (Legal/Medical)

\_\_\_\_✓_____ D. Temporary Restraining Orders and Preliminary Injunctions (If a TRO is requested in an Anti-Trust, the A designation will govern)

_____ E. General Civil Cases (Check only one)

    \_\_\_\_\_ General Civil Cases

    \_\_\_\_\_ Three Judge Court Case

_____ F. Pro Se General Civil Cases

_____ G. Habeas Corpus Cases

_____ H. Equal Employment Opportunity Cases (If filed by a pro se litigant, the case is to be assigned from this H Category)

_____ I. Freedom of Information Act Cases (If filed by a pro se litigant, the case, is to be assigned from this I Category)