UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61199-CIV-MARRA

COMMODITY FUTURES
TRADING COMMISSION,

      Plaintiff,

vs.

GIOVANNI FLEURY and
GIOVANNI FLEURY
INVESTMENTS, INC.,

      Defendants.
_____/

**OPINION AND ORDER**

      THIS CAUSE follows the Court's June 18, 2010 Findings of Fact and Conclusions of Law entered after a bench trial. (DE 137). The Court's Findings concluded that Defendants Giovanni Fleury and Giovanni Fleury Investments, Inc. defrauded customers by soliciting investments in foreign currency futures contracts by willfully making material misrepresentations, in violation of Section 4b(a) of the Commodity Exchange Act, 7 U.S.C. § 6(b)(a) ("CEA") and Commodity Futures Trading Commission ("CFTC") Regulation 1.1, 17 C.F.R. § 1.1. (*Id.*) Based on these findings, the Court held that restitution and a civil monetary penalty were warranted against Defendants. (*Id.*) The Court held a hearing on September 24, 2010 to determine the proper restitution and civil monetary penalty amounts. The Court has reviewed the record and the parties' post-trial motions, and is otherwise fully apprised in the premises.

1

**Restitution**

Under § 13a-1(a) of the CEA, whenever it appears that "any registered entity or other person has engaged, is engaging, or is about to engage in" a violation of the CEA or CFTC regulations, the CFTC may bring an action in district court "to enjoin such act or practice, or to enforce compliance with this chapter, or any rule, regulation or order thereunder." Under § 13a-1(b), the district court may issue a "permanent or temporary injunction or restraining order" to enjoin the offending practice. This "unqualified grant of statutory authority to issue an injunction under § 13a-1 carries with it the full range of equitable remedies, among which is the power to grant restitution." *CFTC v. Wilshire Inv. Mgmt. Corp.*, 531 F.3d 1339, 1344 (11th Cir. 2008).

Here, the parties agree that Defendants solicited and collected approximately $1.96 million from customers during the relevant time period. *See* CFTC Post-Trial Brief, Ex. 1, Declaration of Kyong J. Koh, Futures Trading Investigator (DE 141-1). The parties also agree that Defendants returned approximately $700,000.00 of the money collected to their customers during this same period. (*Id.*) The parties further agree that Defendant Giovanni Fleury transferred $310,025.22 to his personal bank account during the relevant time period. (*Id.*)

The parties disagree, however, regarding the proper benchmark for measuring the restitution amount. The CFTC argues that the proper measurement of restitution is the total amount invested by customers (here, $1.96 million) less any distributions made by Defendants to the customers (here, $700,000), for a total restitution benchmark of approximately $1.26 million. (DE 141). The CFTC thus requests restitution in the amount of total customer losses. Defendants argue that the proper restitution benchmark is the amount that Defendants personally

2

gained from their illegal conduct (here, $310,025.22), not the amount of customer losses. (DE 154).

The Eleventh Circuit's decision in *CFTC v. Wilshire Investment Management Corp.*, 531 F.3d 1339 (11th Cir. 2008), resolves this issue. There, the court explained that "[t]he equitable remedy of restitution does not take into consideration the plaintiff's losses, but only focuses on the defendant's unjust enrichment." *Id.* at 1345. The court thus held that the "proper measurement is the amount that [the defendants] wrongfully gained by their misrepresentations." *Id.*; *see also CFTC v. Levy*, 541 F.3d 1102, 1113 (11th Cir. 2008) (holding that the defendant "can only be liable in restitution to the extent of his unjust enrichment.").

Under *Wilshire*, the proper measure of restitution is the amount of Defendants' unjust enrichment, not the full amount of customer losses. Here, Defendants personally gained $310,025.22 through defrauding customers in violation of the CEA and CFTC regulations. Accordingly, the Court finds that $310,025.22 represents Defendants' ill-gotten gains and, thus, constitutes the proper restitution amount.[1]

**Civil Monetary Penalty**

The CEA grants district courts "jurisdiction to impose, on a proper showing, on any person found in the action to have committed any violation a civil penalty in the amount of . . . $100,000 or triple the monetary gain to the person for each violation . . . ." 7 U.S.C. § 13a-

---

[1] Because Defendants are ordered to pay restitution in the full amount of their ill-gotten gains, it is unnecessary to order disgorgement of these same sums. Furthermore, this restitution, together with the civil monetary penalty assessed below, is sufficient to prevent Defendants from retaining any unjust enrichment from their fraud.

1(d)(1)(A).  The CFTC increased the maximum civil monetary penalty per violation to $120,000 for violations that occurred during the time period relevant here.  17 C.F.R. § 143.8(a)(2)(ii).[2]

In assessing a civil monetary penalty under the CEA, the "penalty [must] be rationally related to the offense charged or the need for deterrence."  *Levy*, 541 F.3d at 1112.  In determining the proper penalty, courts "consider[] the general seriousness of the violation as well as any particular mitigating or aggravating circumstances that exist."  *Wilshire*, 531 F.3d at 1346.  "Defrauding customers is a violation of the core provisions of the CEA and should be considered very serious."  *Id.* (quotation marks omitted).

Here, Defendants conducted their fraudulent scheme over a significant period of time, using the funds of numerous investors and costing customers over $1.26 in losses.  Defendant Fleury ceased this harmful conduct only after the Commission filed its action against him.  And, significantly, Defendants' conduct violated the "core provisions of the CEA" against defrauding customers.  Consequently, the Court finds that a civil monetary penalty in the amount of $120,000 is rationally related to Defendants' offenses and the need to deter similar violations in the future.

**<u>Conclusion</u>**

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants Giovanni Fleury and Giovanni Fleury Investments, Inc. are jointly and severally liable to make restitution in the amount of $310,025.22.

---

[2] The CFTC raised the penalty per violation from $100,000 to $120,000 pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, Public Law 101-410; 104 Stat. 890, which authorizes federal agencies to regularly adjust civil monetary penalties for inflation.

2.  Defendants Giovanni Fleury and Giovanni Fleury Investments, Inc. are jointly and severally liable for and shall pay to the CFTC a civil monetary penalty in the amount of $120,000.

3.  The Court reserves jurisdiction to determine the appropriate method by which restitution will be distributed to defrauded customers, to determine whether the Court appointed receiver should be reimbursed for the fees and expenses he incurred, and if so, from what sources.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 29th day of September, 2010.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record